**Juliana PIO, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 12–71487.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2015.*

Filed Oct. 21, 2015.

Armin Alexander Skalmowski, Law Office of Armin Skalmowski, Alhambra, CA, for Petitioner.

Lynda Do, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, BERZON, and WATFORD, Circuit Judges.

MEMORANDUM **

Juliana Pio, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the agency's denial of a motion to reopen, *Najmabadi v. Holder,* 597 F.3d 983, 986 (9th Cir.2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying the motion to reopen to apply our decisions in *Wakkary v. Holder,* 558 F.3d 1049 (9th Cir.2009) and *Tampubolon v. Holder,* 610 F.3d 1056 (9th Cir.2010). *See Wakkary,* 558 F.3d at 1065 (even under disfavored group analysis, petitioner must present some evidence of individualized risk).

Further, the BIA did not abuse its discretion in denying Pio's motion to reopen, because Pio failed to establish materially changed circumstances in Indonesia to qualify for an exception to the time limitations for a motion to reopen, *see* 8 C.F.R.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1003.2(c)(3)(ii); *Najmabadi,* 597 F.3d at 988–89 (evidence must be "qualitatively different" to warrant reopening).

**PETITION FOR REVIEW DENIED.**

Before: SILVERMAN, BERZON, and WATFORD, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.